**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| GWENDOLYN MEEKINS, | ) | No. CV 04-01509 CW |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| JO ANNE B. BARNHART, Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for payment of benefits.

**I.   BACKGROUND**

Plaintiff Gwendolyn Meekins was born on June 30, 1941, and was sixty years old at the time of her latest administrative hearing. [AR 34.] The subject of the hearing was whether plaintiff was disabled for the period between March 3, 1994, and June 29, 1996, when

plaintiff was fifty-two to fifty-four years old. [AR 16.] Plaintiff has a tenth grade education and no previous work experience. [AR 134, 135.] She alleges disability on the basis of arthritis in her left shoulder and hand, bilateral leg problems, high blood pressure, heart problems, an ulcer and depression. [AR 217.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on March 5, 2004, and filed on March 9, 2004. On September 29, 2004, defendant filed plaintiff's Administrative Record ("AR"). On January 3, 2005, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff Gwendolyn Meekins applied for supplemental security income ("SSI") on March 3, 1994, alleging disability since June 6, 1991. [JS 2.] In a decision dated September 17, 1996, Administrative Law Judge ("ALJ") Alexander Weir III found that plaintiff was disabled as defined by the Social Security Act beginning on June 30, 1996 (the date of plaintiff's fifty-fifth birthday), but for no period prior to that date. [AR 136.] The Appeals Council denied review of the decision on May 20, 1998, and plaintiff filed a complaint for review. [AR 123.]

On June 1, 2001, this court reversed the decision of the Commissioner and remanded the case for further proceedings. [AR 497-498.] An administrative hearing was held on February 14, 2002. [AR 34.] Plaintiff appeared with counsel, and testimony was taken from medical expert Franklin Drucker and vocational expert Heidi Paul.

[Id.]  On March 13, 2002, ALJ Weir denied benefits for the period between March 3, 1994, and June 29, 1996.  [Decision, AR 33.]  When the Appeals Council denied review on January 13, 2004, the ALJ's decision became the Commissioner's final decision.  [AR 4.]

### IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

# V. DISCUSSION

## A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist

claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged onset date (step one), that plaintiff had "severe" impairments, namely degenerative changes of the left shoulder joint, degenerative spondylosis with muscle spasms, an anxiety disorder and mental depression (step two), and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 18, 24, 25.] At Step Four, the ALJ found that plaintiff had an RFC consistent with an ability to perform light work but that plaintiff had no past relevant work. [AR 30.] At Step Five, a vocational expert testified that a person with plaintiff's limitations could perform a significant number of jobs in the national economy, including the jobs of newspaper carrier, housesitter and dog bather. [AR 31.] Accordingly, the ALJ found that

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

plaintiff was not disabled for the period between March 3, 1994, and June 29, 1996. [Id.]

### C. ISSUE IN DISPUTE

The sole disputed issue is whether the ALJ complied with the decision of this court remanding the case to reassess plaintiff's residual functional capacity after crediting the opinion of plaintiff's treating psychologist, Dr. Dana Chidekel. [JS 3.]

### D. THE TREATING PSYCHOLOGIST'S OPINION

Medical records from the Los Angeles County West Central Mental Health facility show that Dr. Chidekel treated plaintiff from October 1993 to August 1994. [AR 284-332.] During this period, Dr. Chidekel had more than 30 sessions with plaintiff. [Id.] At the initial consultation, Dr. Chidekel diagnosed plaintiff as suffering from major depression, moderate, and an anxiety disorder, not otherwise specified. [AR 330.] In August 1994, Dr. Chidekel renewed her diagnoses and observed that plaintiff had a "marked tendency" to unconsciously convert psychological symptoms into physical problems. [AR 284.] Dr. Chidekel also noted that plaintiff was fearful of contact with others, desired isolation, and tended to have physical tremors, appetite suppression, insomnia, extreme agitation and constant worry. [Id.] Dr. Chidekel concluded that these symptoms impaired plaintiff's ability to relate to others and to function adequately and that plaintiff would be precluded from working for at least one year. [Id.] Notwithstanding Dr. Chidekel's opinion, the ALJ found that plaintiff was not disabled for the pertinent time period.

In a decision dated June 1, 2001, this court found that the ALJ failed to provide specific and legitimate reasons for discounting Dr. Chidekel's opinion and, thus, the opinion must be credited as a matter

6

of law. [AR 495, 496.]  This court instructed the ALJ to reassess plaintiff's RFC in light of Dr. Chidekel's opinion and then obtain VE evidence regarding whether plaintiff could perform work available in the national economy given plaintiff's limitations. [AR 497.]

During the subsequent administrative hearing, the ALJ asked medical expert Drucker what functional limitations, based on Dr. Chidekel's opinion, plaintiff would experience. [AR 45.]  Dr. Drucker responded that plaintiff would have a moderate restriction of daily living activities, mild to moderate difficulties in maintaining social functioning, mild limitations in concentration and no episodes of decompensation.[2] [Id.]  The ALJ concurred in large part[3] with Dr. Drucker's assessment. [AR 28.]  Based on these functional limitations, vocational expert Paul testified that there was a significant number of jobs in the national economy that plaintiff could perform and, thus, plaintiff was found not disabled. [AR 31.]

A review of the medical records, however, reveals that Dr. Drucker's assessment failed to capture the functional limitations reflected in Dr. Chidekel's records.  For example, Dr. Chidekel's treatment records reflect that plaintiff had extreme problems interacting with others, including a strong desire to be "left alone" [AR 289], feeling afraid of "getting sick" if she accepted an invitation to attend a ball game [AR 290], feeling her "heart pound"

---

[2] In contrast, Dr. Michael Walker, a physician who worked at the same clinic as Dr. Chidekel, conducted a clinical interview with plaintiff and assessed much more restrictive limitations, including "severe" limitations in 12 of 14 "mental work activities." [AR 470-472.]

[3] The ALJ concluded that plaintiff suffered from "moderate" difficulties in maintaining social functioning, even though Dr. Drucker opined the restriction was "mild to moderate."

7

while attending church for the first time in two years [AR 295], desiring "limits" in her interactions with others, including her family [AR 295, 301, 307-308], and wanting to withdraw from all social contact [AR 309]. On the other hand, Dr. Drucker interpreted plaintiff's psychiatric records to state that plaintiff had "some participation in life" with her family and others and that plaintiff's social functioning was only mildly to moderately impaired.[4] [AR 43, 45.] Dr. Chidekel's records also reflected several examples where plaintiff experienced extreme agitation and constant worry, including instances where plaintiff had anxiety attacks [AR 286], was constantly crying [AR 292, 298], felt jittery and nauseous [AR 297, 300], had tremors [AR 298], and experienced panic [AR 301.] These symptoms belied Dr. Drucker's characterization of plaintiff's problems in concentration as only "mild." [AR 56.]

It also appears that Dr. Drucker improperly based his assessment in large part on the opinion of an examining psychiatrist, rather than Dr. Chidekel's treatment records, because the latter were deemed illegible. [AR 42-43.] This court previously found, however, that the opinion of the examining psychiatrist should not have been preferred over the opinion of Dr. Chidekel. [AR 495.] It is unclear to what extent Dr. Drucker relied upon Dr. Chidekel's opinion, if at all. [AR 42.] Accordingly, by concurring with Dr. Drucker's assessment, the ALJ did not follow this court's directions to credit Dr. Chidekel's opinion before assessing plaintiff's RFC.

---

[4] Dr. Drucker's assessment also appears to conflict with the opinion of state agency review physician Aroon Suansilppongse, who opined that plaintiff should be limited to "infrequent contact with the public" and whose opinion this court directed the ALJ to consider. [AR 257, 496.]

8

**E.    REMAND FOR PAYMENT OF BENEFITS**

The decision whether to remand for further proceedings is within the discretion of the district court. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  <u>Harman</u>, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  <u>Id</u>.

In plaintiff's case, as discussed above, the ALJ erred in failing to comply with this court's direction to reassess plaintiff's RFC to reflect the functional limitations inherent in Dr. Chidekel's treating opinion.  Thus, there is no RFC that adequately captures plaintiff's functional limitations.  A review of the hearing transcript, however, indicates that plaintiff's attorney posed several hypothetical questions to the VE that closely approached the limitations prescribed by Dr. Chidekel's opinion.  Specifically, the VE testified that a person who could not continuously work due to psychologically-based symptoms, was preoccupied with pain, and took an unreasonable number of rest periods would not be able to sustain employment. [AR 87.] These limitations are reflected in Dr. Chidekel's treatment records, where it was noted that plaintiff had an unconscious tendency to convert her psychological symptoms into physical problems. [AR 284.] Moreover, even if the VE did not explicitly address all of the precise work limitations established by Dr. Chidekel's improperly disregarded

9

opinion, it is clear on the present record that this is a case where plaintiff would necessarily be found unable to perform any gainful employment in the national economy.  <u>Benecke v. Barnhart</u>, 379 F.3d 587, 594 (9th Cir. 2004).  Accordingly, no further proceedings are required, and an order directing an immediate award of benefits for the period between March 3, 1994, and June 29, 1996, is appropriate.  <u>Id.</u>

## **VI.   ORDERS**

Accordingly, **IT IS ORDERED** that:

1.   The decision of the Commissioner is **REVERSED**.

2.   This action is **REMANDED** to defendant for payment of benefits.

3.   The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: December 15, 2005

```
            _____/s/_____
                 CARLA M. WOEHRLE
                 United States Magistrate Judge
```